Opinion by FORD, J.   At the trial petitioner's witness testified that so far as he knew the entry was made at the correct value; that he had furnished the appraiser all the necessary information relating to the value of the merchandise; and that he had no information which would indicate that the entered value was not the correct value of the merchandise.   Based upon the entire record, the court found that there was no intention on the part of petitioner to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.

BEFORE THE FIRST DIVISION, OCTOBER 3, 1950

**No. 54710.**—Samuel Riba and Samuel Riba, Inc. v. United States, protests 137703–K and 138333–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of gold- and silver-colored beads similar in all material respects to those the subject of Abstract 54251, the claim at 35 percent under paragraph 1503 was sustained.

**No. 54711.**—Eitinger Bead Co., Inc. v. United States, protest 156968–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of gold- and silver-colored beads similar in all material respects to those the subject of Abstract 54251, the claim at 35 percent under paragraph 1503 was sustained.

**No. 54712.**—Oscar Heyman & Bros., Inc., et al. v. United States, protests 126939–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of S. Nathan & Co., Inc. v. United States (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54713.**—H. Sussbach et al. v. United States, protests 132409–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as

those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54714.**—J. E. Bernard & Company, Inc., et al. v. United States, protests 154425–K/2400, etc. (Chicago).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54715.**—American Jewelers v. United States, protest 160607–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of synthetic stones the same in all material respects as those the subject of *S. Nathan & Co., Inc.* v. *United States* (37 C. C. P. A. 99, C. A. D. 426), the claim at 10 percent under paragraph 1528 was sustained.

**No. 54716.**—Foresta Factors v. United States, protests 155029–K and 156462–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of sawed lumber similar in all material respects to that the subject of Abstract 53917, the claim of the plaintiff was sustained.

**No. 54717.**—Salentine and Company, Inc. v. United States, protests 153513–K and 153514–K (Milwaukee).

Opinion by MOLLISON, J. When the case was called for trial counsel for the plaintiff abandoned protest 153513–K insofar as it relates to entries 261, 292, 293, 294, 295, 327, 328, 337, and 338, and protest 153514–K insofar as it relates to entries 234, 235, 396, 502, 562, and 591. The protests were dismissed as to the enumerated entries. Insofar as protest 153513–K relates to entries 291, 325, and 326, and protest 153514–K relates to entries 397, 500, 561, and 592, counsel for the